UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUSTAV SKURDAL,<br><br>                    Plaintiff,<br><br>         v.<br><br>FEDERAL DETENTION CENTER, *et al.*,<br><br>                    Defendants. | CASE NO. C12-706 RSM<br><br>ORDER ON DEFENDANTS' MOTIONS TO DISMISS |

This matter comes before the Court upon Petitioner Gustav Skurdal's objections to the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge. (Dkt. 58). For the following reasons, the Court adopts the Report and Recommendation with two modifications. First, as discussed in Part III(C)(3) of the Report and Recommendation, it is undisputed that Mr. Skurdal did not properly exhaust administrative remedies with respect to his Federal Tort Claims Act ("FTCA") negligence claim prior to initiating this lawsuit. (Dkt. 39, at 9). However, in his Objections to Report and Recommendation, Mr. Skurdal asserts, apparently for the first time, that he has subsequently presented the Standard Form 95 to the

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS - 1

1   Federal Bureau of Prisons, which rejected his claim, exhausting his administrative remedies.

2   (Dkt. 44, at 2-3). Generally, Mr. Skurdal would be required to file a new action asserting his

3   FTCA claim following exhaustion. Such an action would likely end up consolidated with the

4   current one. The logic of the Ninth Circuit's decision in *Valadez-Lopez v. Chertoff*, therefore

5   dictates that instead of dismissing Mr. Skurdal's FTCA claim, the Court grant his request to

6   amend his complaint to include a properly exhausted and pleaded FTCA claim. *See* 656 F.3d

7   851, 857 (9th Cir. 2011).

8         Second, the Court declines to adopt Part III(D)(3)(a) of the Report and Recommendation.

9   The Ninth Circuit has not expressly held that a plaintiff can bring a *Bivens* claim for alleged Free

10  Exercise Clause violations. In *Resnick v. Adams*, the Ninth Circuit considered a Free Exercise

11  challenge brought as a *Bivens* claim, but ultimately dismissed it for failure to state a

12  constitutional violation, without holding that *Bivens* was the proper vehicle to bring such a claim

13  if it were valid. 348 F.3d 763, 772 (9th Cir. 2003). Therefore, whether or not the *Bivens* claim

14  was proper was immaterial to the decision. *See Reichle v. Howards*, 132 S. Ct. 2088, 2093 n.4

15  (2012) (declining to decide whether *Bivens* extends to First Amendment retaliatory arrest

16  claims); *Aschroft v. Iqbal*, 556 U.S. 662, 675 (2009) (assuming without deciding that Free

17  Exercise claim can be brought under *Bivens* but dismissing for failure to state a claim).

18  Although the unpublished decision in *Panagacos v. Towery* allowed a free-speech claim to

19  proceed under *Bivens*, 501 Fed. App'x 620, 623 (9th Cir. 2012), this does not mean that *Bivens*

20  also encompasses Free Exercise claims since the Supreme Court considers each type of First

21  Amendment claim on its own merits, rather than the Amendment as a whole when determining

22  whether a *Bivens* action can be brought. *Compare Bush v. Lucas*, 462 U.S. 367, 368 (1983)

23  (*Bivens* does not encompass Free Speech claims involving federal employment) *with Iqbal*, 556

24

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS - 2

U.S. at 675 (assuming without deciding that *Bivens* does encompass Free Exercise claims). At least three other circuits have also explicitly reserved this question, assuming without deciding that such a claim can be brought. *Walden v. Centers for Disease Control and Prevention*, 669 F.3d 1277, 1285 n.3 (11th Cir. 2012); *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 35 (1st Cir. 2011); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 n.6 (8th Cir. 2008). While the Ninth Circuit may find that such a claim can be brought, the Court finds it more prudent at this time, in the absence of an explicit Ninth Circuit holding, to assume without deciding the issue because it may be unnecessary to answer should the Court grant the individual-capacity defendants' properly supported motion for summary judgment on the basis of qualified immunity.

The Court, having reviewed the papers filed in support of and in opposition to defendants' motions to dismiss (Dkts. 22, 35), the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler, the governing law, and the balance of the record, does hereby find and ORDER:

(1) The Report and Recommendation is ADOPTED in-part;

(2) Defendants' motions to dismiss (Dkts. 22, 35) are DENIED with respect to their affirmative defense of plaintiff's failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a);

(3) The federal-government defendants' (defendants sued in their official capacities) motion to dismiss (Dkt. 22) is GRANTED in-part on the merits except;

    (a) The Court GRANTS Mr. Skurdal's request to amend his complaint in order to assert properly exhausted FTCA claims against the federal-government defendants;

(4) The individual-capacity defendants' (named defendants Chaplain Watson and Lieutenant Matthews sued in their individual capacities) motion to dismiss (Dkt. 35) is GRANTED in-part, DENIED in-part, and DEFERRED in-part as follows:

  (a) The motion to dismiss is GRANTED on the alleged violations of the Eighth, Ninth and Fourteenth Amendments, the negligence claim, and the requests for injunctive and declaratory relief;

  (b) The motion to dismiss is DENIED *at this time* on the individual-capacity defendants' entitlement to substantive dismissal and/or qualified immunity regarding:

    i. *Bivens* equal protection (Fifth Amendment); and

    ii. The Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*;

  (c) The motion to dismiss is DEFERRED regarding

    i. The question of whether defendants sued in their individual capacities may be held liable for damages under RFRA because it may be unnecessary to answer should the Court grant the individual-capacity defendants' properly supported motion for summary judgment on the basis of qualified immunity;

    ii. The question of whether Mr. Skurdal can bring a *Bivens* claim regarding alleged violations of the Free Exercise Clause because it may be unnecessary to answer should the Court grant the individual-capacity defendants' properly supported motion for summary judgment on the basis of qualified immunity;

(5) The Court DISMISSES with prejudice defendant D. Vo. because he has been discharged from damages liability through Chapter 7 bankruptcy;

(6) The Court EXTENDS the time by which defendants Marion Feather, D. Carl, R. Holloway and P. Drinkard must be served to **ninety (90) days** from the date of this Order and INVITES Mr. Skurdal, if he has not done so already, to immediately request under Federal Rule of Civil Procedure 4(c)(3) that the Court order service be made;

(7) The Court DIRECTS the individual-capacity defendants to file an answer within **fourteen (14) days** of the date of this Order;

(8) The Court LIMITS discovery to the question of qualified immunity;

(9) Magistrate Judge Theiler will issue a pretrial schedule after the individual-capacity defendants have filed their answer; and

(10) The Clerk of Court is directed to send a copy of this Order to Magistrate Judge Theiler.

Dated this 29 day of July 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS - 5